# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMILTON,<br><br>         Petitioner,<br><br>    v.<br><br>F. GONZALEZ,<br><br>         Respondent. | 1:10-cv-01972-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 18] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is lawfully in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his 1997 conviction for kidnapping to commit robbery and assault with a deadly weapon.

In the instant petition, Petitioner challenges the California Board of Parole Hearings' 2009 decision to deny parole. Petitioner specifically alleges that the terms of his plea agreement were violated by enforcement of Proposition 9, and Proposition 9 violated his ex post facto rights.

Petitioner filed a petition for writ of habeas corpus in the San Mateo County Superior Court. (Ex. 1, to Answer.) The petition was denied on April 16, 2009.

Petitioner filed a petitions for writ of habeas corpus in the California Court of Appeal and

California Supreme Court. Both petitions were summarily denied.

Petitioner filed the instant petition for writ of habeas corpus on September 7, 2010. Respondent filed an answer to the petition on February 9, 2011, and Petitioner filed a traverse on March 17, 2011.

## DISCUSSION

I. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct.

2

733, 737 (2011).

"A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

II.   Proposition 9-Ex Post Facto Violation

Petitioner claims that the Board's 2009 decision denying him parole for three years violated his constitutional rights. Petitioner's claim is without merit. As an initial matter, the three year denial period did not lengthen Petitioner's indeterminate life sentence with the possibility of parole. Further, even before the enhancement of Proposition 9, Petitioner was subject to a three year parole denial period. Cal Code Regs. tit. 15, § 2270(d). Moreover, Petitioner may request the Board provide him with a new parole hearing prior to the end of the three year period. Cal. Pen. Code § 3041.5(d)(1) (providing that "[a]n inmate may request that the board exercise its discretion to advance a hearing . . . to an earlier date, by submitting a written request to the board . . . which shall set forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate.").

In <u>Morales</u>, a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000), *quoting*, <u>Morales</u>, 514 U.S. at 509. The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." <u>Garner</u>, 529 U.S. at 250, *citing*, <u>Morales</u>, 514 U.S. at 507. Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of attempted murder, it did not alter his initial parole eligibility date, and it did not change the basic structure of California's parole law. The board must consider the same factors in determining parole suitability as before. <u>See</u> Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in <u>Garner</u> the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In <u>Garner</u>, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. <u>Id</u>. at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. <u>Id</u>. at 254-56. In addition, the Court found it significant that the parole board's own policies permitted "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." <u>Id</u>. at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years. While it is true that Petitioner is no longer eligible for annual parole review hearings as determined by the Board, and a date must be set at the

minimum of three years, the Board retains the discretion, as did the Georgia parole board in Garner, to advance a hearing at any time should there be a change in circumstances.  Pursuant to California Penal Code section 3041.5(b)(4), the Board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Garner, 529 U.S. at 251, *quoting*, Morales, 514 U.S. at 509.[1]  For the above reasons, Petitioner's challenge to Proposition 9 must fail.  Thus, the superior court's decision was not an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts in light of the evidence.

III.     Proposition 9-Violation of Plea Agreement

Petitioner contends that Proposition 9 which increased the period of time between parole consideration hearings violated his plea agreement.  Petitioner is incorrect.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970).  The courts enforce the literal terms of the plea agreement, but "construe ambiguities in favor of defendant." United States v. Johnson, 187 F.3d 1129, 1134 (9th Cir. 1999); United States v. Quach, 302 F.3d 1096, 1100-01 (9th Cir. 2002).  In United States v. Clark, 218 F.3d 1092 (9th Cir. 2000), the Ninth Circuit stated

---

[1] This finding is substantiated by the Ninth Circuit's finding in Gilmer v. Schwarzenegger, __ F.3d __, No. 10-15471, 2011 WL 198435 (9th Cir. January 24, 2010), that Proposition 9 "did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole." Id. at *5.  In addition, even if it is assumed, "that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment." Id. at *6.  If the hearing is advanced by the Board, any possibility of harm to the prisoner would be removed because he/she would not have to wait the minimum of three years for a hearing. Id. (citing Morales and Garner.).

5

1  that, if the terms of the plea agreement had a clear and unambiguous meaning, then a court would
2  not look to extrinsic evidence to determine its meaning. Id. If, however, a term of a plea
3  agreement was not clear on its face, the court would look to the facts of the case to determine
4  what the parties reasonably understood to be the terms of the agreement. Id.

5       Petitioner does not allege that he did not enter in the plea agreement knowingly and
6  voluntarily. Contrary to Petitioner's claim, there is no showing that there was any provision in
7  his plea agreement promising him parole suitability hearings at any specific interval. Petitioner
8  merely alleges without any factual or evidentiary support that he was entitled to parole
9  consideration within the period specific under California Penal Code section 3041.5. However,
10 there is nothing in the record to demonstrate that Petitioner was promised anything other than an
11 indeterminate life term of fifteen years to life with the possibility of parole. Accordingly,
12 Petitioner has failed to demonstrate a violation of his plea agreement resulting from amendments
13 to section 3041.5 by Proposition 9, and the state court's determination of this issue was not
14 contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

## RECOMMENDATION

16      Based on the foregoing, it is HEREBY RECOMMENDED that:
17      1.     The instant petition for writ of habeas corpus be DENIED; and
18      2.     The Clerk of Court be directed to enter judgment in favor of Respondent.
19      This Findings and Recommendation is submitted to the assigned United States District
20 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
21 Local Rules of Practice for the United States District Court, Eastern District of California.
22 Within thirty (30) days after being served with a copy, any party may file written objections with
23 the court and serve a copy on all parties. Such a document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
25 ///
26 ///
27 ///
28 ///

1  and filed within fourteen (14) days after service of the objections.  The Court will then review the
2  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
3  failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:    **March 22, 2011**            /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE